1    **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                 FOR THE DISTRICT OF ARIZONA

8

9

10   Owner-Operator Independent Drivers   )
     Association, Inc., et al.,           )
11                                        )   No. CV-02-01059-PHX-PGR
                     Plaintiffs,          )
12                                        )
             vs.                          )   ORDER
13                                        )
     Swift Transportation Co., Inc. (AZ), et )
14   al.,                                 )
                                          )
15                   Defendants.          )

16

17          Pending before the Court is Plaintiffs' Motion for Attorneys' Fee Award

18   Pursuant to 49 U.S.C. § 14704(e) (Doc. 412).   Having considered the parties'

19   memoranda in light of the relevant record and the requirements of Kerr v. Screen

20   Extra Guild, Inc., 526 F.2d 67 (9th Cir. 1976) and LRCiv. 54.2, the Court finds that the

21   motion should be granted in part to the extent that the Court will award attorneys'

22   fees to the plaintiffs in the amount of $349,302.50.[1]

23          The plaintiffs, consisting of Owner-Operator Independent Drivers Association,

24

25        [1]

26          The Court notes that it has intentionally discussed only those arguments
     raised by the parties that the Court considers necessary to the resolution of the
     pending motions.

Inc. ("OOIDA") and some individual owner-operators, brought this action pursuant to the private right of action afforded by the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. § 14704(a).  They sought declaratory and injunctive relief and damages to remedy alleged violations by defendant Swift Transportation Co., Inc. (AZ) ("Swift") and some related entities of the federal Truth-in-Leasing regulations, 49 C.F.R. Part 376, which impose requirements and restrictions on lease agreements between federally regulated motor carriers and owner-operators. The Court entered a Stipulated Judgment (Doc. 392) on October 27, 2009 that reflected its rulings on the parties' motions for summary judgment and on the plaintiffs' motion for reconsideration. *See* OOIDA v. Swift Transportation Co., Inc. (AZ), 2007 WL 2808997 (D.Ariz. Sept. 27, 2007), and OOIDA v. Swift Transportation Co., Inc. (AZ), 2009 WL 2983206 (D.Ariz. Sept, 15, 2009).  The Court's rulings reflected in the judgment were upheld on appeal. OOIDA v. Swift Transportation Co., Inc. (AZ), 632 F.3d 1111 (9th Cir.2011).

Discussion

I.  Attorneys' Fees

The plaintiffs seek a fee award pursuant to 49 U.S.C. § 14704(e), which provides in its entirety: "The district court shall award a reasonable attorney's fee under this section.  The district court shall tax and collect that fee as part of the costs of the action."  The plaintiffs seek a total award for fees and non-taxable expenses of $390,824.82, consisting of (1) $332,967.00 for legal services rendered by their lead counsel, The Cullen Law Firm, PLLC ("Cullen"), (2) $33,266.00 for legal services rendered by their local counsel, Campbell Law Group, Chartered

1  ("Campbell")[2], and (3) $24,591.82 in non-taxable expenses.

2       A. Plaintiffs as Prevailing Party

3       Swift initially argues that the plaintiffs are not entitled to any fee award

4  because they cannot be considered to be a prevailing party in this action. Although

5  § 14704(e) does not elaborate on who must be awarded a reasonable attorney's fee,

6  the Ninth Circuit has determined that the statute mandates a fee award only to

7  "successful plaintiffs." Fulfillment Services, Inc. v. United Parcel Services Inc., 528

8  F.3d 614, 624 (9th Cir.2008). For purposes of the plaintiffs' motion, the Court deems

9  the plaintiffs to be "successful" if they can be considered to be a prevailing party as

10  the Supreme Court has defined that term. *See* Buckhannon Board and Care Home,

11  Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 602

12  (2001) (noting that "successful party" is another term for "prevailing party.") The

13  Court concludes that the plaintiffs have met their burden of establishing that they

14  were sufficiently successful in this action to be deemed to be a prevailing party and

15  are therefore entitled to a reasonable award of attorneys' fees.

16       For purposes of a fee-shifting statute such as § 14704(e), a prevailing party

17  is one that has obtained an enforceable judgment on the merits which creates a

18  material alteration of the legal relationship of the parties. *Id.* at 604; *see also*, Farrar

19  v. Hobby, 506 U.S. 103, 111 (1992) ("In short, a plaintiff 'prevails' when actual relief

20  on the merits of his claim materially alters the legal relationship between the parties

21  by modifying the defendant's behavior in a way that directly benefits the plaintiff.")

22  While it cannot be disputed that Swift, not the plaintiffs, prevailed on the very large

23  majority of the claims and issues raised in this action, the plaintiffs did prevail in one

24

               [2]

25       Campbell was known as Bonn & Wilkins at the time it served as the

26  plaintiffs' local counsel.

1   very significant, and relevant, respect. *See id.* at 114 ("[W]e hold that the prevailing

2   party inquiry does not turn on the magnitude of the relief obtained.")  The plaintiffs

3   did prevail to the important extent that the Court granted the plaintiffs' Motion for

4   Partial Summary Judgment on Liability in part, while concomitantly denying Swift's

5   Motion for Summary Judgment in part, and entered a declaratory judgment in the

6   plaintiffs' favor on the ground that Swift's "old form" leases, *i.e.* the form of leases

7   used by Swift at the time this action was commenced and which Swift continued to

8   use until they were revised in January, 2003, violated two requirements of the Truth-

9   in-Leasing regulations.[3]   The entry of judgment in the plaintiffs' favor on this issue

10  constituted some relief on the merits of their claim sufficient to qualify them as a

11  prevailing party. *See id.* at 111.

12        Swift, relying on the statement in Farrar that in order to be a prevailing party

13  "[w]hatever relief the plaintiff secures must directly benefit him at the time of the

14  judgment[,]" *id.*, argues that the Court's declaratory judgment did not directly benefit

15  the plaintiffs at the time it was entered because Swift had voluntarily revised its old

16  form leases effective on January 1, 2003, which was some four and one-half years

17  before the entry of the judgment.  The Court is not persuaded inasmuch as Swift's

18  revision of the lease form in effect at the time this action was commenced did not

19  settle all of the issues raised by the plaintiffs regarding that lease form's non-

20  conformance with the Truth-in-Leasing regulations.  As the plaintiffs correctly

21  observe, the declaratory judgment did benefit them at the time it was entered

22  because Swift, four years after its revision of its original lease form, sought summary

23

        [3]

24  The plaintiffs prevailed in another significant respect in that the Court ruled
    in their favor on summary judgment that the applicable statute of limitations on
25  actions brought pursuant to 49 U.S.C. § 14704 was four years, not the two years
    advocated by Swift, which was an issue of first impression in the Ninth Circuit.
26

1    judgment on the ground that its old lease form did not violate the Truth-in-Leasing

2    regulations, and the Court rejected Swift's arguments in two important respects, *i.e.*,

3    by finding that Swift's old form leases violated 49 C.F.R. § 376.12(h) by failing to

4    disclose that certain of its deductions from individual plaintiffs' compensation for

5    services and products Swift advanced to them were in excess of its costs, and

6    violated 49 C.F.R. § 376.12(k)(2) by failing to disclose in the performance bond

7    requirement in Swift's contracts with some of the plaintiffs the specific items to which

8    deductions from the bond could be applied.  The Court's summary judgment findings

9    with regard to these violations of the Truth-in-Leasing regulations formed part of the

10   Court's declaratory judgment and directly benefitted the plaintiffs by meaningfully

11   precluding Swift from reinstating its old lease practices with regard to these two

12   issues.[4]  As the Ninth Circuit noted in its decision resolving the appeal of the merits

13   of this action, this Court's "declaratory judgment regarding the Old Form Lease's

14   violation of § 376.12(h) is unchallenged [by Swift] and legally binding on the

15   parties[.]" <u>OOIDA v. Swift</u>, 632 F.3d at 1123.

16         B. Reasonableness of Requested Attorneys' Fees

17         Swift also argues in part that even if the plaintiffs are found to be a prevailing

18   party for purposes of § 14704(e), the only reasonable fee award is no award at all

19   because the portion of the Court's declaratory ruling that was in the plaintiffs' favor

20   was at best *de minimus* or technical.  Although such a ruling does not affect the

---

4

22   Swift additionally argues that the plaintiffs cannot be considered to be a
23   prevailing party because they were not successful in obtaining any remedy available
     to them under 49 U.S.C. § 14704, *i.e.* damages or injunctive relief.  To the extent
24   that Swift is now arguing that declaratory judgment is not an authorized form of relief
     under the statute, the Court summarily rejects that argument because the Court
25   entered a declaratory judgment, which was partially in the plaintiffs' favor, and Swift
26   failed to contest on appeal the Court's authority to do so.

1   prevailing party inquiry, it does bear on the propriety of the awarded fees. <u>Farrar</u>,

2   506 U.S. at 114.  As the Supreme Court has repeatedly stated, the most critical

3   factor in determining the reasonableness of a fee award is the degree of success

4   obtained. *Id.*; <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 436 (1983).  While the Court

5   agrees that the plaintiffs are not entitled to an award covering the entirety of the

6   attorneys' fees they expended in pursuing this action given their ultimate limited

7   success, which is not an issue given the plaintiffs' voluntarily reduction of the fees

8   they seek, the Court is persuaded that they are entitled to a reasonable award.

9       The general rule is the starting point for the calculation of attorneys' fees is the

10  lodestar, which is calculated by multiplying the number of hours reasonably

11  expended by the reasonable hourly rate. *Id.* at 433.

12      The plaintiffs have established that the hourly rates they are seeking for the

13  work performed by their lead counsel, Cullen, a Washington, D.C.-based law firm,

14  are all based on the current median rates published in the Arizona Bar's 2011 edition

15  of *The Economics of Law Practice in Arizona* (2010).  The rates charged by Cullen's

16  attorneys, which are reduced from their normal rates, range from $275 per hour to

17  $195 per hour; the rates charged by Campbell, the local counsel, which are their

18  normal rates, range from $275 per hour to $190 per hour.  Swift does not challenge

19  in any way the reasonableness of these hourly rates or their application to the entire

20  time period at issue.  The Court accepts these rates for the entire time period

21  covered by the plaintiffs' fee application as they are in line with the prevailing rates

22  in the local community for similar services by similarly skilled attorneys.

23      With regard to the hours expended by Cullen, the plaintiffs state that they have

24  exercised billing judgment by seeking compensation for only approximately 20% of

25  Cullen's total hours expended in this action, *i.e.* for only 1,360 hours out of a total of

26

1   7,296 hours.[5]  The plaintiffs narrowed their fee application to just three time periods

2   in the case: the first encompasses the time expended by Cullen and Campbell

3   preceding Swift's issuance of its new lease form in January, 2003, for which they

4   request a total of $ 303,846.00; the second encompasses the time expended by

5   Cullen in opposing Swift's motion for summary judgment regarding the statute of

6   limitations issue, for which they request $20,132.00; and the third encompasses the

7   time expended by Cullen regarding the cross-motions for summary judgment on the

8   merits, for which they request $42,255.00.  The plaintiffs contend that the limited

9   recovery they seek is sufficient to offset any objection that they are not entitled to

10  recovery of fees for efforts that were not tied to their successes.

11          (1) Pre-2003 Hours by Cullen and Campbell

12          Swift argues that the plaintiffs should not be awarded any attorneys' fees for

13  the time period between the commencement of this action in June, 2002 and the

14  time it revised its non-conforming original lease form in January, 2003 because

15  those time entries are not tied to the declaratory judgment in the plaintiffs' favor as

16  the Supreme Court required in Buckhannon.  The Court disagrees inasmuch as its

17  declaratory ruling was based in part on its determination that Swift's old form leases,

18  which were the form of leases which Swift was utilizing at the time the plaintiffs

19  commenced this action and which it continued to use until the form's revision

20  effective January 1, 2003, violated the Truth-in-Leasing regulations in certain

21  respects.

22

23          [5]

24          The Court accepts the amount of the stated reduction as it was attested
     to by plaintiffs' attorney Daniel Cohen in his affidavit.  The Court notes, however, that
25   it cannot independently verify the amount of the reduction since the plaintiffs have
     provided time sheets for only the periods of time for which they are seeking
26   compensation.

1    Swift further argues that the time expended prior to January, 2003 is

2    unreasonable, basically because the plaintiff's counsel expended approximately

3    twice the time that Swift's counsel expended for the same time period.  The plaintiffs

4    argue that they exercised appropriate billing judgment for this time period in that

5    plaintiffs' attorney Daniel Cohen, in a supplemental declaration, states that the fee

6    application eliminated 357.3 hours amounting to $83,433.00 in fees for this period.

7    Having reviewed the plaintiffs' time sheets, the Court concludes that no further

8    reduction of the plaintiffs' hours sought for this time period is warranted.

9    While the plaintiffs' time sheets for the pre-2003 period include numerous time

10   entries for hours expended on issues on which the plaintiffs were unsuccessful, such

11   as their request for a preliminary injunction and their opposition to arbitration, the

12   Court concludes that the hours spent on those unsuccessful issues are properly

13   compensable because the plaintiffs' claims for relief all involved a common core of

14   facts or were based on related legal theories and the hours spent on unsuccessful

15   hours were a necessary step to the plaintiffs' success regarding the pre-2003

16   leases.[6] *See* Hensley v. Eckerhart, 461 U.S. at 435-36; O'Neal v. City of Seattle, 66

17   F.3d 1064, 1069 (9th Cir.1995) (Attorney time expended on unsuccessful activities

---

[6]

19   Swift also argues that the plaintiffs' pre-2003 fees violates LRCiv
20   54.2(e)(1) because much of the time billed by Cullen is block-billed which makes it
     difficult to determine how much time was spent on a particular task. The Court
21   concludes that Cullen's time sheets are sufficiently specific and itemized so as to
     permit a meaningful review by the Court, particularly since the Court is not deleting
22   hours spent on unsuccessful issues. While Swift does identify some time entries it
23   claims are block-billed, it does not specify any of the plaintiffs' time entries for this
     period as being duplicative, unnecessary or excessive, and the Court determines
24   from its review of the hours listed in the time entries that the hours at issue were
     reasonably expended in light of the overall result achieved by the plaintiffs regarding
25   the non-conformance of the pre-2003 leases to some of the requirements of the
26   Truth-in-Leasing regulations.

1  is not compensable only if the "relief sought on the unsuccessful claim is intended

2  to remedy a course of conduct entirely distinct and separate from the course of

3  conduct that gave rise to the injury upon which the relief granted is premised.");

4  Cabrales v. County of Los Angeles, 935 F.2d 1050, 1053 (9th Cir.1991) ("[A] plaintiff

5  who is unsuccessful at a stage of a litigation that was a necessary step to her

6  ultimate victory is entitled to attorney's fees even for the unsuccessful stage.")

7  The Court further concludes, however, that the plaintiffs are not entitled to the

8  entirety of the fees sought for the work done by Campbell, their local counsel. Daniel

9  Cohen twice states in his affidavit submitted with the plaintiffs' motion that "Plaintiffs

10  have isolated and reduced the total amount of fees paid to [Campbell] so that they

11  are only seeking an award for the period preceding Swift's implementation of the

12  New Lease.  The total sought for local counsel fees is $33,266.00."  The requested

13  amount, however, is based on Campbell's services through December, 2003

14  according to the submitted time sheets, whereas Swift implemented its revised lease

15  form on January 1, 2003.   Based on Cohen's specific representation that the

16  plaintiffs are only seeking an award of Campbell's pre-2003 work, the Court will

17  reduce Campbell's fee to $16,333.50, the amount it billed through the end of

18  December, 2002.

19  (2) Hours for Cullen's Summary Judgment-Related Work

20  Swift argues that all of the hours expended by Cullen regarding the time it

21  spent on successfully defeating Swift's summary judgment attempt to limit the

22  limitations period to two years should be rejected because that success is unrelated

23  to the declaratory ruling made in the plaintiffs' favor regarding Swift's old form

24  leases.   The Court disagrees since Cullen's statute of limitations-related work

25  contributed to the successful result obtained by the plaintiffs.

26

1  Swift also argues that the amount sought for Cullen's limitations-related work

2  should be reduced by 26.4 hours for a total of $6,324.00, and that Cullen's summary

3  judgment work related to the merits of the liability issues should be reduced by 26.1

4  hours for a total of $7,177.50, for improper block-billing.  The Court declines to do

5  so because it concludes that Cullen's objected-to time entries are detailed enough

6  for the Court to assess the reasonableness of the hours billed.

7  II. Non-Taxable Expenses

8  In addition to their attorneys' fees, the plaintiffs seek an award of non-taxable

9  expenses in the amount of $24,591.82; the included expenses are for the period

10  prior to January 1, 2003 for Westlaw research, Federal Express deliveries, airfare,

11  and lodging.  The plaintiffs have not presented the Court with any legal authority

12  permitting such an award and the Court concludes that none of these expenses are

13  recoverable because the only costs that may be awarded to a prevailing party

14  pursuant to § 14704(e) are those set forth in 28 U.S.C. § 1920, and the Court's

15  Stipulated Judgment provided that "[t]he parties shall bear their own costs as

16  enumerated in 28 U.S.C. § 1920." *See* OOIDA v. Supervalu, Inc., 2012 WL 6760098,

17  at *18 (D.Minn. Sept. 30, 2012) (Court denied OOIDA's request under § 14704(e)

18  for an award of out-of-pocket expenses, which included in part expenses for airfare,

19  Federal Express, hotels, and Westlaw, because § 14704(e) only authorized an

20  award of costs permitted by 28 U.S.C. § 1920); Schultz v. A & C Trucking I, LLC,

21  2011 WL 6122950, at *5 (D.Or. Dec. 9, 2011) (Court concluded that it had no

22  discretion under § 14704(e) to award any costs not permitted by § 1920); Faraca v.

23  Fleet 1 Logistics, LLC, 693 F.Supp.2d 891, 896 (E.D.Wis.2010) (In an action alleging

24  a violation of the Truth-in-Leasing regulations, court concluded that it had no

25  statutory authorization to award any costs not allowed by § 1920); OOIDA v. Ledar

26

1   Transport, 2009 WL 2170086, at *2 (W.D.Mo. July 20, 2009) (After concluding that

2   it had no statutory authority to award any costs other than those permitted by §

3   1920, court denied OOIDA's request under § 14704(e) to be reimbursed for such

4   expenses as airfare, FedEx charges, and travel expenses.)

5          In summary, the Court concludes that the plaintiffs are entitled to a total fee

6   award of $349,302.50, which consists only of attorneys' fees of (1) $270,580 for

7   Cullen (1,113.5 hours) and $16,335.50 for Campbell (71.9 hours) for the pre-2003

8   period,   (2) $20,132.00 (84.2 hours) for Cullen for its summary judgment work

9   regarding the statute of limitations, and (3) $ 42,255.00 (161.8 hours) for Cullen for

10  its summary judgment work regarding the merits.  Therefore,

11         IT IS ORDERED that Plaintiffs' Motion for Attorneys' Fee Award Pursuant to

12  49 U.S.C. § 14704(e) (Doc. 412) is granted in part and denied in part.  It is granted

13  to the extent that the Court awards the amount of $349,302.50 to the plaintiffs for

14  their attorneys' fees, and it is denied to the extent that the plaintiffs seek an award

15  of non-taxable expenses.

16         DATED this 29th day of March, 2013.

18  Paul G. Rosenblatt

19  United States District Judge

- 11 -